RUSS, AUGUST & KABAT
Larry C. Russ, State Bar No. 082760
Nathan D. Meyer, State Bar No. 239850
12424 Wilshire Boulevard, 12th Floor
Los Angeles, California  90025
Telephone:   (310) 826-7474
Facsimile:    (310) 826-6991

Attorneys for Plaintiff
California Faucets, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA FAUCETS, INC., a California Corporation,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>INFINITY DRAIN, LTD, a New York Corporation<br><br>　　　　　　Defendant. | Case No. 16-cv-2023<br><br>**COMPLAINT FOR:**<br><br>**(1) TRADEMARK INFRINGEMENT;**<br><br>**(2) UNFAIR COMPETITION UNDER CALIFORNIA BUSINESS & PROFESSIONS CODE § 17200;**<br><br>**(3) COMMON LAW UNFAIR COMPETITION; AND**<br><br>**(4) ACCOUNTING**<br><br>**DEMAND FOR JURY TRIAL** |

161107 Complaint.docx

COMPLAINT

Plaintiff California Faucets, Inc. ("Plaintiff" or "California Faucets") alleges as follows against defendant Infinity Drain ("Defendant" or "Infinity Drain"):

1. This case arises from Defendant's intentional infringement and violation of Plaintiff's protected trade dress (collectively, "StyleDrain Trade Dress").

## The Style Drain Story

2. This case is about Defendant's wrongful appropriation of California Faucets' proprietary and federally registered drain designs. Defendant has appropriated the marks.

3. California Faucets is an Orange County based faucet and drain company that has been manufacturing products since 1988.

4. In 2008, California Faucets introduced a line of StyleDrain decorative shower drains. The press release in connection with the release of StyleDrain styles advertised as the decorative "alternative to the run-of-the-mill, plain-jane industrial drain."

5. StyleDrain won Interior Design's "Best of Year" award in 2008.

6. The StyleDrain came in a number of styles. The three most popular were Craftsman, Neo and Mission, each pictured below.

| California Faucets' Original Craftsman StyleDrain® | California Faucets' Original Neo StyleDrain® |
|---|---|
| | |

| California Faucets' Original Mission StyleDrain | |
|---|---|
|  |  |

7. Since 2008, the StyleDrain, and California Faucet's proprietary designs, have been repeatedly featured in the press. Simply by way of example:

   a. In July 2008, *This Old House* Magazine featured the StyleDrain (Craftsman style) as a featured item.

   b. In September 2008, *Interior Design* Magazine features the StyleDrain (Neo Style).

   c. In November 2011, it was featured in House Beautiful magazine as "the Best! For the bath," in the Craftsman style.

   d. Illustrating the broad reach of the StyleDrain in North America, both the Craftsman and Neo styles were featured in Canada's Style & Home magazine in October 2008.

   e. In fall 2008, the Craftsman design was featured in Fine Homebuilding magazine.

   f. The Craftsman and Neo trade dress designs have been consistently featured in media since 2008.

8. As the Neo and Craftsman styles became iconic in the industry, California Faucets sought, and obtained, trade dress registrations for the designs in connection with drains:

| Mark | Ser. No. Filing Date | Reg. No. Reg. Date | Goods/Services |
|---|---|---|---|
| Craftsman Design | 86394218 9/14/2014 | 4995763 July 12, 2016 | 11 – Plumbing fittings, namely drains. |
| Neo Design | 86394224 9/14/2014 | 4958167 March 1, 2016 | 11 – Plumbing fittings, namely drains |

9. After the introduction of the Neo and Craftsman StyleDrains, one of California Faucet's competitors, Infinity Drain, began to trade on the goodwill California Faucets had created.

10. Below are illustrations of California Faucet's Craftsman and Neo drains, side by side with Infinity Drain's infringing products ("Defendant's Infringing Uses"):

| California Faucets' Original Craftsman StyleDrain® | Infinity Drain's Infringing Grid |
|---|---|
|  |  |
| **California Faucets' Original Neo StyleDrain®** | **Infinity Drain's Infringing Grid** |

 

11.     Infinity Drain has sold the product infringing the Craftsman design within the limitations period, and continues to sell the product infringing the Neo design.  Although not a part of this complaint, Infinity Drain has also knocked off Calfornia Faucets' Mission StyleDrain.

12.     Despite requests by California Faucets for Infinity Drain to Cease and Desist infringing California Faucet's trade dress, both before and after registration, it has failed and refused to do so.

13.     Plaintiff is informed, believes and based thereon alleges that Defendant's conduct is willful, wanton malicious and in conscious disregard of Plaintiff's rights.

**Parties**

14.     California Faucets, Inc. ("Plaintiff" or "California Faucets") is a California corporation with its principal place of business in Huntington Beach, California.  Plaintiff is the owner of all right, title and interest in the StyleDrain Trade Dress and the corresponding Certificates of Registration.

15.     Plaintiff is informed, believes and based thereon alleges that Defendant Infinity Drain, LTD ("Defendant" or "Infinity Drain") is a New York corporation with its principal place of business in Port Washington, New York.

**Jurisdiction and Venue**

16.     This is an action for registered trademark infringement in violation of §§32 and 43(a) of the Lanham Act, 15 U.S.C. §§1114 and 1125(a), and unfair

competition under California state law, which activities have occurred in this district and elsewhere in interstate commerce within the United States.

17. This court has jurisdiction pursuant to § 39 of the Lanham Act 15 U.S.C. §1121, 28 U.S.C. §1331 and §§1338(a) and (b). This court has jurisdiction over claims in this complaint that arise under California state law pursuant to 28 U.S.C. § 1367 as the California state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative fact.

18. Defendant is subject to personal jurisdiction in this district and court because Defendant conducts business in and/or conducted a substantial part of its infringing and violating conduct in this district. Simply by way of example, Infinity Drain's website identifies 17 dealerships selling its products within a ten-mile radius of undersigned counsel's office, and Defendant's Infringing Uses have been observed within blocks of undersigned counsel's office.

19. Venue in this district and court is proper pursuant to 28 U.S.C. §1391 because Defendant conducts business in and/or conducted a substantial part of its infringing and violating conduct in this district and because all parties are subject to personal jurisdiction and venue in this district and court.

## First Claim for Relief: Trademark Infringement

20. Plaintiff repeats the allegations of paragraphs 1-19, *supra*, and incorporates them by reference as if herein set forth in their entirety.

21. From 2008, the Neo and Craftsman Marks have been used by California Faucets in commerce to identify the source of its goods and services and to distinguish it from others.

22. Defendant's infringing uses are in imitation, infringement and violation of Plaintiff's StyleDrain Trade Dress ("Defendant's Infringing Uses") and intended to steal and trade on the goodwill created by Plaintiff.

23. Defendant has, without permission, willfully and with the intention of benefiting from the reputation and goodwill of California Faucets and offered products under Defendant's Infringing Uses.

24. There is a substantial likelihood of confusion on the part of the public and clients regarding the use of the StyleDrain TradeDress by Defendant.

25. Defendant's conduct and Defendant's Infringing Uses constitute trademark infringement in violation of §43(a) of the Lanham Act (15 U.S.C. §1125(a)) and § 32 of the Lanham Act (15 U.S.C. §1114), which prohibit the use in commerce in connection with the sale of goods or rendering of any services of any word, term, name, symbol or device, or any combination thereof, that is likely to cause confusion, or to cause mistake, or to deceive as to the source of the goods or services.

26. As a direct and proximate result of Defendant's intentional, willful and wanton conduct and Defendant's Infringing Uses, Plaintiff has been injured and will continue to suffer damages as well as irreparable harm and injury to its business, reputation and goodwill unless Defendant is restrained from infringing Plaintiff's StyleDrain Trade Dress.

27. Plaintiff has no fully complete and adequate remedy at law and is entitled to injunctive relief pursuant to 15 U.S.C. §§1114 and 1116(d).

28. Plaintiff is entitled to recover actual damages and Defendant's profits pursuant to 15 U.S.C. § 1117(a); treble damages pursuant to 15 U.S.C. §1117(a) and (b); attorney's fees and costs pursuant to 15 U.S.C. §1117(a); seizure of all infringing goods pursuant to 15 U.S.C. §1116(d); and impoundment and destruction of all infringing goods pursuant to 15 U.S.C. § 1118.

**Second Claim for Relief: Unfair Competition Under California Business & Professions Code §§ 17200 *Et Seq*.**

29. Plaintiff repeats the allegations of paragraphs 1-28, *supra*, and incorporates them by reference as if herein set forth in their entirety.

30. Defendant's acts and conduct constitute unfair competition and misappropriation of Plaintiff's trademark and related rights in violation of California Business & Professions Code §§17200 *et seq*.

31. Defendant misappropriated, including in bad faith, the labors and expenditures of Plaintiff and its predecessors.

32. As a direct and proximate result of Defendant's unlawful, unfair and/or fraudulent business practices including without limitation Defendant's Infringing Uses, Plaintiff has suffered, and will continue to suffer, irreparable harm and injury.

33. Plaintiff has no fully complete and adequate remedy at law, and Defendant's conduct has caused and will continue to cause irreparable harm and injury to Plaintiff's business, reputation and goodwill.

34. Plaintiff is entitled to an injunction prohibiting Defendant from continuing its actionable misconduct including without limitation Defendant's Infringing Uses, and Plaintiff is entitled to restitution of all amounts acquired by Defendant by means of such wrongful act.

### Third Claim for Relief: Common Law Unfair Competition

35. Plaintiff repeats the allegations of paragraphs 1-34, *supra*, and incorporates them by reference as if herein set forth in their entirety.

36. Defendant's actionable misconduct is intended to and/or likely to cause confusion, misrepresentation, mistake and/or deceive the public and clients as to the affiliation, approval, sponsorship, or connection between Plaintiff and Defendant, and therefore constitutes common law unfair competition under California law.

37. Plaintiff has been damaged and will continue to be damaged by Defendant's actionable misconduct.

38. Defendant's actionable misconduct is causing and will continue to cause Plaintiff to suffer irreparable harm and injury and, unless Defendant is restrained from so acting including Defendant's Infringing Uses, Plaintiff will

1 continue to be so damaged because it has no fully complete and adequate remedy at
2 law.

3     39. Accordingly, Plaintiff respectfully requests that Defendant be enjoined
4 from continuing their actionable misconduct including without limitation
5 Defendant's Infringing Uses, and that Plaintiff be awarded damages in an amount to
6 be determined at trial.

7     40. Plaintiff is informed, believes and based thereon alleges that
8 Defendant's conduct was willful, wanton malicious and in conscious disregard of
9 Plaintiff's rights, justifying an award of punitive and/or exemplary damages in an
10 amount to be proven at trial.

### Fourth Claim for Relief: Accounting

12     41. Plaintiff repeats the allegations of paragraphs 1-40, *supra*, and
13 incorporates them by reference as if herein set forth in their entirety.

14     42. Plaintiff is informed, believes and based thereon alleges that Defendant
15 has acquired significant gains, profits and advantages as a direct result of
16 misappropriating the StyleDrain Trade Dress for a period unknown to Plaintiff.

17     43. Accordingly, Plaintiff respectfully requests an Accounting of all of
18 Defendant's gains, profits and advantages from their trademark infringement and
19 unfair competition, including with limitation Defendant's Infringing Uses, for a
20 period of five years.

### Prayer for Relief

22 Wherefore, Plaintiff prays for relief and judgment against Defendant as
23 follows:

24     1. An order enjoining each of Defendant from engaging in, offering and/or
25 providing goods or services in connection with any name or art or dress identical to
26 or confusingly similar to Plaintiff's StyleDrain Trade Dress, including without
27 limitation Defendant's Infringing Uses;

28

Russ, August & Kabat

2.    For an accounting to be performed to identify Defendant's actual gains, profits and advantages from their trademark infringement and unfair competition, including with limitation Defendant's Infringing Uses, for a period of five years;

3.    For an award of Defendant's gains, profits and advantages derived from their trademark infringement and unfair competition, including without limitation Defendant's Infringing Uses;

4.    For treble damages pursuant to 15 U.S.C. §§1117(a) and (b);

5.    For punitive damages;

6.    Declaring this to be an exceptional case within the meaning of 15 U.S.C. §1117;

7.    For Plaintiff's expenses and attorney's fees pursuant to 15 U.S.C. §1117(a); and

8.    For such other relief as the court deems just, equitable and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff California Faucets, Inc. demands trial by jury on all issues.

DATED: November 7, 2016

RUSS, AUGUST & KABAT
Larry C. Russ
Nathan D. Meyer

By: /s/*Larry C. Russ*
Larry C. Russ
Attorneys for Plaintiff
CALIFORNIA FAUCETS, INC.